IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Katie H. Reaser,**

        **Plaintiff,**

v.                                                         **Case No. 20-cv-2331-JWL**

**Hy-Vee, Inc.,**

        **Defendant.**

## MEMORANDUM & ORDER

This matter is presently before the court on the parties' motions in limine (docs. 41, 42). As set forth in more detail below, those motions are granted in part, denied in part, and retained under advisement in part.

<u>Plaintiff's Motion in Limine No. 1 regarding Prior Injuries</u>:

Plaintiff moves to exclude evidence of prior upper extremity injuries because those injuries, according to plaintiff's treating physician, are unrelated to the injuries she sustained from the incident at issue in this case. Plaintiff further asserts that defendant has not retained an expert and, without one, cannot attempt to establish these prior injuries. The motion is denied in part and retained under advisement in part. It is denied to the extent that defendant is clearly entitled to cross-examine plaintiff and plaintiff's treating physician about these prior injuries. It is retained under advisement to the extent defendant desires to have the medical records concerning these injuries admitted into evidence. This aspect of the motion is retained under advisement pending further discussion at the limine conference.

Plaintiff's Motion in Limine No. 2 regarding Collateral Source Benefits:

Plaintiff moves to exclude evidence of the source of payments for medical treatment. In response, defendant asserts that it does not intend to introduce evidence of the source of any payments for treatment. The motion, then, is granted as unopposed. Defendant further clarifies in its response that it intends to introduce evidence of the reduced amounts accepted by plaintiff's health care providers in full satisfaction of the amount billed. The court agrees with defendant that such evidence is generally admissible for the limited purpose of proving the reasonable value of the medical services. *See Martinez v. Milburn Enterprises, Inc.*, 290 Kan. 572, 573 (2010) (evidence of the amount of money a medical services provider accepted in full satisfaction of its bill is relevant to the amount of money a plaintiff may recover in compensatory damages). How this matter will be handled at trial will be discussed further at the limine conference.

Plaintiff's Motion in Limine No. 3 regarding Open and Obvious Hazard:

Plaintiff moves to prohibit defendant from introducing evidence from its witnesses regarding the open and obvious nature of the hazard. In response, defendant asserts that none of its witnesses will testify to that fact. The motion, then, is granted as unopposed.

Plaintiff's Motion in Limine No. 4 regarding Failure to Mitigate Damages:

Granted as unopposed.

Plaintiff's Motion in Limine No. 5 regarding Comparing Fault with Third Parties:

2

> Granted as unopposed.

Plaintiff's Motion in Limine No. 6 regarding Settlement Offers, Demands or Negotiations:

> Granted as unopposed and applies to both parties.

Plaintiff's Motion in Limine No. 7 regarding the Date that Plaintiff Filed Suit:

> Plaintiff moves to exclude evidence that she filed this lawsuit one day prior to the expiration of the statute of limitations as irrelevant and unfairly prejudicial. According to plaintiff, defendant seeks to introduce such evidence to create an inference that plaintiff's claims are not valid or that her injuries are not significant. In response, defendant asserts that it will not use the filing date to inflame the jury or for any other improper purpose. The motion, then, is granted to this extent. But, as defendant suggests, it is entitled to attempt to show to the jury that it had no knowledge of the incident, plaintiff's claims or plaintiff's injuries until the filing of her lawsuit. The motion is denied to this extent.

Defendant's Motion in Limine No. 1 regarding Net Worth, Financial Condition and Economic Condition:

> Granted and applies to both parties.

Defendant's Motion in Limine No. 2 regarding Other Claims or Lawsuits Against Defendant:

> Defendant moves to exclude evidence of other claims or lawsuits against it. The motion is granted as unopposed to the extent defendant seeks to exclude evidence of prior lawsuits or formal

claims. The motion is retained under advisement, pending further discussion at the limine conference, to the extent defendant seeks to exclude evidence of prior incidents factually similar to the one at issue in this case.

Defendant's Motion in Limine No. 3 regarding Liability Insurance:

Defendant moves to exclude any evidence at trial as to whether and to what extent defendant is insured against plaintiff's claims. This aspect of the motion is granted as unopposed, as plaintiff concedes in response that evidence of insurance must be excluded at trial. The parties, dispute, however, whether plaintiff may ask during voir dire whether any prospective juror has an interest in or connection to defendant's liability insurer. This aspect of the motion is retained under advisement pending further discussion at the limine conference.

Defendant's Motion in Limine No. 4 regarding Discovery Objections:

Granted and applies to both parties.

Defendant's Motion in Limine No. 5 regarding Settlement Negotiations:

Granted and applies to both parties.

Defendant's Motion in Limine No. 6 regardng Asking Jurors to Put Themselves in Plaintiff's Position:

Granted as unopposed with respect to the "Golden Rule" argument and plaintiff may not during closing argument ask the jury to place themselves in plaintiff's position. To the extent

plaintiff asks the court at this juncture to give her "free rein" to present a "passionate and zealous" closing argument otherwise, the court declines to delineate at this juncture what plaintiff may or may not say during closing argument. To the extent that defendant believes it is entitled to object to plaintiff's closing, it is entitled to raise the issue contemporaneously.

Defendant's Motion in Limine No. 7 regarding Appeals to Community Standards:

Defendant moves to exclude statements to the jury that appeal to community standards, values, rules or community conscience. The motion is granted. Plaintiff may prevail on her claims against defendant not by demonstrating defendant's failure to conform to "community standards" but by demonstrating defendant's failure to do something that a reasonably careful or prudent person would do. The "reasonably prudent person" standard, then, is the relevant standard in this case.

Defendant's Motion in Limine No. 8 regarding Alleged Spoliation of Evidence:

Defendant seeks to exclude evidence or argument that defendant destroyed, failed to preserve or otherwise failed to produce evidence, particularly any surveillance video of the incident. According to defendant, it had no knowledge of the incident or plaintiff's claims until plaintiff filed her lawsuit such that it is unfair for plaintiff to suggest that defendant "destroyed" or "failed to preserve" any surveillance video. As plaintiff highlights, spoliation is not limited to the intentional destruction of evidence and, in any event, plaintiff disputes that defendant did not know about the incident until plaintiff's lawsuit. On this record, the court cannot issue a limine ruling precluding the presentation of evidence pertinent to this issue. The motion is denied.

5

Defendant may make a contemporaneous objection at trial in the context of a specific line of questioning presented to a witness.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion in limine (doc. 41) is granted in part, denied in part and retained under advisement in part; and plaintiff's motion in limine (doc. 42) is granted in part, denied in part and retained under advisement in part.

**IT IS SO ORDERED.**

Dated this 3rd day of November, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge